# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SONDRA DURHAM,                    )
                                  )
             Plaintiff,           )
                                  )
       v.                         )    1:15CV66
                                  )
ACCELERATED FINANCIAL             )
SOLUTIONS, LLC                    )
                                  )
             Defendant.           )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed IFP (Docket Entry 2) in conjunction with her pro se Complaint (Docket Entry 3). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation

2

**ANALYSIS**

Plaintiff's Complaint stems from allegations that Defendant improperly acquired Plaintiff's credit report. (See Docket Entry 2.) The Complaint states two claims against Defendants under 15 U.S.C. § 1681n for willfully violating the Fair Credit Reporting Act ("FCRA") by obtaining Plaintiff's credit reports without a permissible purpose. (Docket Entry 2 at 2-3.) Because the Complaint lacks sufficient factual allegations of willfulness, the Court should dismiss Plaintiff's case.

The Complaint contains only bald assertions that Defendant willfully obtained Plaintiff's credit report. "'[M]ere assertions[s] of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a).'" Vecchione v. Bay Area Credit Serv., No. 1:13CV586, 2014 WL 6972407, at *4 (M.D.N.C. Dec. 9, 2014) (unpublished) (quoting Singleton v. Domino's Pizza, LLC, No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) (unpublished)). This Court has repeatedly dismissed similar cases wherein plaintiffs failed to put forth sufficient allegations of willfulness. See e.g., Nowlin v. Capital One, No. 1:13CV1108, 2014 WL 795771 (M.D.N.C. Feb. 27, 2014) (unpublished), recommendation adopted, slip op. (M.D.N.C. Mar. 26, 2014); Golden v. NCO Fin.

---

marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

Sys., No. 1:12CV1097, 2013 WL 4519774 (M.D.N.C. Aug. 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013); James v. Paragon Revenue Group, No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013). The same result should occur here. Therefore, the Court should dismiss Plaintiff's claims.

## CONCLUSION

Plaintiff fails to allege sufficient factual matter to demonstrate that Defendant willfully violated the FCRA by impermissibly obtaining Plaintiff's credit report.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed IFP (Docket Entry 2) is granted.

**IT IS RECOMMENDED** that Plaintiff's Complaint be dismissed for failure to state a claim.

                                  /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                            **United States Magistrate Judge**

January 28, 2015